UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DESHAYLA VALENTINE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY ADMINISTRATION,<br><br>　　　　Defendant. | No. 2:17-cv-0051 KJM DB PS<br><br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

　　　　Plaintiff is proceeding in this action pro se. This matter was, therefore, referred to the undersigned in accordance with Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1).

　　　　On January 17, 2017, defendant filed a motion to dismiss and noticed that motion for hearing before the undersigned on February 17, 2017. (ECF No. 3.) Pursuant to Local Rule 230(c) plaintiff was to file an opposition or statement of non-opposition to defendant's motion "not less than fourteen (14) days preceding the noticed . . . hearing date." Plaintiff, however, failed to file a timely opposition or statement of non-opposition.

　　　　Accordingly, on February 9, 2017, the undersigned issued an order to show cause in writing within fourteen days as to why this action should not be dismissed for lack of prosecution. (ECF No. 4.) The order to show cause also ordered plaintiff to file a statement of opposition or non-opposition to defendant's motion on or before March 3, 2017. Plaintiff was cautioned that

1

failure to file a written response to that order could result in the undersigned recommending that this matter be dismissed. (Id. at 2.) Nonetheless, the time provided plaintiff has expired and plaintiff has not responded to the order to show cause in any way.

## ANALYSIS

The factors to be weighed in determining whether to dismiss a case for lack of prosecution are as follows: (1) the public interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the public policy favoring disposition on the merits; and (5) the availability of less drastic sanctions. Hernandez v. City of El Monte, 138 F.3d 393, 398 (9th Cir. 1998); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992); Carey v. King, 856 F.2d 1439, 1440 (9th Cir. 1988). Dismissal is a harsh penalty that should be imposed only in extreme circumstances. Hernandez, 138 F.3d at 398; Ferdik, 963 F.2d at 1260.

Failure of a party to comply with the any order of the court "may be grounds for imposition by the Court of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 110. Any individual representing himself or herself without an attorney is nonetheless bound by the Federal Rules of Civil Procedure, the Local Rules, and all applicable law. Local Rule 183(a). A party's failure to comply with applicable rules and law may be grounds for dismissal or any other sanction appropriate under the Local Rules. Id.

Here, plaintiff failed to file a statement of opposition or non-opposition to defendant's motion to dismiss. The undersigned issued an order to show cause that provided plaintiff with an opportunity to show good cause for plaintiff's conduct, along with a further opportunity to oppose defendant's motion. Plaintiff failed to respond to that order in any way. The order to show cause specifically warned plaintiff that the failure to file a written response to that order could result in a recommendation that this matter be dismissed.

Plaintiff's lack of prosecution of this case renders the imposition of monetary sanctions futile. Moreover, the public interest in expeditious resolution of litigation, the court's need to manage its docket, and the risk of prejudice to the defendant all support the imposition of the

sanction of dismissal. Only the public policy favoring disposition on the merits counsels against dismissal. However, plaintiff's failure to prosecute the action in any way makes disposition on the merits an impossibility. The undersigned will therefore recommend that this action be dismissed due to plaintiff's failure to prosecute as well as plaintiff's failure to comply with the court's orders. See Fed. R. Civ. P. 41(b).

Accordingly, IT IS HEREBY ORDERED that:

1) The March 17, 2017 hearing of defendant's motion is vacated; and

2) Defendant's January 17, 2017 motion to dismiss (ECF No. 3) is denied without prejudice as having been rendered moot.[1]

Also, IT IS HEREBY RECOMMENDED that:

1) Plaintiff's November 28, 2016 complaint (ECF No. 1-1) be dismissed without prejudice; and

2) This action be closed.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any reply to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: March 9, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.pro se\valentine0051.dlop.f&rs

---

[1] In the event the assigned District Judge does not adopt these findings and recommendation, defendant may re-notice its motion to dismiss for hearing before the undersigned.

3